UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA HEDRICK,<br><br>    Plaintiff,<br><br>  vs.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>    Defendant. | CAUSE NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

COMES NOW the Plaintiff Cassandra Hedrick, by and through her attorneys of record, Rebecca E. Ary, of the Law Office of Rebecca E. Ary, and Alex J. Higgins, of the Law Offices of Alex J. Higgins, and for her complaint states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Cassandra Hedrick ("Plaintiff") is an individual living in Washington at all times material hereto.

2. Defendant Amazon.com, Inc. ("Defendant") is a Delaware corporation with headquarters in Seattle, Washington.

Complaint
Page 1 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

3. Plaintiff alleges claims pursuant to the Americans with Disabilities Act of 1990, as amended (42 U.S.C. §1201 *et seq.*), the Family and Medical Leave Act (29 U.S.C. §2601 *et seq.*), and the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*).

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue is proper in the Western District of Washington at Seattle because Defendant resides in this judicial district.

**FACTUAL ALLEGATIONS**

6. At all relevant times, Defendant had at least 50 employees within 75 miles of Plaintiff's worksite.

7. Defendant is an enterprise whose annual gross volume of sales made or business exceeds $500,000. Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

8. Plaintiff was employed by Defendant beginning in 2011 as a Customer Service Associate. At the time of her termination, Plaintiff was a Customer Service Team Lead.

9. Plaintiff was an hourly employee and not exempt from either the minimum wage or overtime provisions of the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*) ("FLSA").

10. Plaintiff routinely worked in excess of forty hours per week. Plaintiff's manager, Jamie Gable, discouraged her from reporting the full extent of her overtime. As a result, Plaintiff often worked "off the clock." Defendant had actual or constructive knowledge of Plaintiff's unreported work hours.

Complaint
Page 2 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

11. Defendant did not pay Plaintiff for some hours that Defendant suffered or permitted her to work.

12. Plaintiff performed her job duties in a satisfactory manner or better throughout her employment, as evidenced (in part) by her promotion to Lead.

13. Plaintiff worked at least 1,250 hours for Defendant in the 12 months preceding each of her absences caused by a serious health condition.

14. In April 2016, Plaintiff began suffering migraine headaches.

15. Plaintiff's migraines substantially limited her ability to perform her job. During her migraines, Plaintiff experienced severe pain and other symptoms which rendered her completely unable to work. When Plaintiff was at work, however, she was able to perform the essential functions of her job.

16. Continuing over an extended period of time during her employment with Defendant, Plaintiff's migraines episodically rendered her incapacitated and unable to work. Plaintiff required periodic visits for treatment of her migraines by a healthcare provider.

17. In approximately June 2016, Plaintiff told Mr. Gable about her migraines and said she would get a note from her doctor. Mr. Gable told Plaintiff he did not want to hear about it. He said she could not have time off and had to be there 100%. At approximately that same time, Plaintiff spoke to at least two different representatives in Defendant's Human Resources department about her migraine headaches.

18. Plaintiff gave Defendant timely, sufficient notice of her medical condition, its limitations and her need for medical leave

Complaint
Page 3 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

19. At that time, Defendant made no attempt to identify a reasonable accommodation of Plaintiff's medical condition.and failed to promptly provide Plaintiff with information about FMLA eligibility.

20. Plaintiff had earned paid time off and used it to take time off when she was suffering from migraines.

21. Plaintiff decided to apply for other jobs within Defendant's company which might better accommodate her medical condition.

22. On June 15, 2016, Mr. Gable told Plaintiff that he was going to "block" any attempt to transfer to another job because Plaintiff had too many absences. Mr. Gable knew that all of those absences were due to Plaintiff's migraines.

23. Plaintiff applied for intermittent FMLA leave on July 15, 2016. Defendant approved Plaintiff for two days per week as intermittent FMLA leave.

24. Plaintiff utilized some of the approved FMLA leave. However, Mr. Gable told Plaintiff she was only allowed to take leave when she could find someone else to cover her shift. On many occasions, Plaintiff was unable to find anyone to cover her shift and was, thus, forced to work while suffering with a migraine. This caused Plaintiff more pain and suffering than she would have experienced had she been allowed to take leave whenever she had a migraine. Plaintiff repeatedly complained to Human Resources that she was not allowed to take leave.

25. Mr. Gable continued to criticize Plaintiff for taking leave.

26. Plaintiff complained to Mr. Gable, Mr. Gable's manager, and Human Resources that the reduction in her workhours resulting from her intermittent leave made it impossible for her to accomplish as much work as she had before. She asked for an adjustment to her workload or some assistance from coworkers. Those requests were

Complaint
Page 4 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

denied, and she was told to just "work smarter" and was faulted for "not taking ownership of the situation." Defendant did not further explore the requested accommodations or offer any other suggested accommodations. Rather, no adjustments or accommodations were made.

27. In October 2016, Mr. Gable put Plaintiff on a Performance Improvement Plan, for alleged poor performance. Previously, before she disclosed her medical condition and asked for an accommodation and intermittent FMLA, Plaintiff had always received positive performance reviews and feedback.

28. Plaintiff was terminated on December 28, 2016.

29. Defendant's reasons for the termination were pretextual. Plaintiff's migraines, her request for leave, her taking leave due to her migraines, and her complaints about disability discrimination and interference with her FMLA rights were all substantial factors in the decision to terminate her.

30. Plaintiff lost wages and other benefits of employment as a result of Defendant's unlawful termination of her employment.

31. Plaintiff suffered emotional distress as a result of Defendant's unlawful conduct.

32. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission and received a Notice of Right to Sue from that agency. Fewer than ninety days have elapsed since Plaintiff received that Notice.

**FIRST CAUSE OF ACTION**
**Discrimination**
**RCW 49.60.180**

33. Plaintiff realleges and incorporates herein all of the above allegations.

Complaint
Page 5 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

34. Plaintiff's migraines are a disability requiring reasonable accommodation under the WLAD.

35. Plaintiff could perform the essential functions of her job with reasonable accommodation.

36. Plaintiff's disability (including absences and decreased productivity caused by her disability) was a substantial factor in adverse employment actions, including termination, taken against her by Defendant.

37. Defendant's above-described actions toward Plaintiff amounted to discrimination based on disability in violation of chapter 49.60 RCW.

38. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### Failure to Accommodate
### RCW 49.60.180

39. Plaintiff realleges and incorporates herein all of the above allegations.

40. Plaintiff gave Defendant timely and adequate notice of her disability and its accompanying limitations.

41. Defendant did not promptly engage in the interactive process or otherwise offer reasonable accommodation.

42. A reasonable accommodation was possible in Plaintiff's situation. Defendant did not provide an effective reasonable accommodation.

Complaint
Page 6 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

43. Defendant was aware that Plaintiff was not being effectively accommodated, and it again failed to engage in the interactive process to find an effective reasonable accommodation.

44. Defendant's above-described conduct violated RCW 49.60.180.

45. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, pain and suffering, emotional distress, and other general compensatory damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### Retaliation
### RCW 49.60.210

46. Plaintiff realleges and incorporates herein all of the above allegations.

47. Plaintiff engaged in activities protected under RCW 49.60.210, including requesting accommodation and opposing Defendant's discriminatory conduct.

48. Protected activities were a substantial factor in adverse employment actions, including termination, taken against Plaintiff by Defendant.

49. Defendant's above-described actions toward Plaintiff amounted to retaliation in violation of RCW 49.60.210.

50. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Disability Discrimination
### Americans With Disabilities Act

51. Plaintiff realleges and incorporates herein all of the above allegations.

52. Plaintiff is a qualified individual with a disability.

Complaint
Page 7 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

53. Defendant took adverse actions, including termination, against Plaintiff because of her disability.

54. Defendant's above-described actions toward Plaintiff amounted to disability discrimination in violation of the ADA (42 U.S.C. §12101 *et seq.*).

55. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

56. Defendant's discriminatory conduct was intentional and malicious, oppressive, or in reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. §1981a.

## FIFTH CAUSE OF ACTION
### Failure to Accommodate
### Americans with Disabilities Act

57. Plaintiff realleges and incorporates herein all of the above allegations.

58. Plaintiff gave Defendant timely and adequate notice of her disability and its accompanying limitations.

59. Defendant did not promptly engage in the interactive process or otherwise offer reasonable accommodation.

60. A reasonable accommodation was possible in Plaintiff's situation. Defendant did not provide an effective reasonable accommodation.

61. Defendant was aware that Plaintiff was not being effectively accommodated, and it again failed to engage in the interactive process to find an effective reasonable accommodation.

62. Defendant's above-described conduct violated ADA (42 U.S.C. §12101 *et seq.*).

Complaint
Page 8 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

63. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, pain and suffering, emotional distress, and other general compensatory damages in an amount to be proven at trial.

64. Defendant's discriminatory conduct was intentional and malicious, oppressive, or in reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. §1981a.

### SIXTH CAUSE OF ACTION
### Retaliation
### Americans with Disabilities Act

65. Plaintiff realleges and incorporates herein all of the above allegations.

66. Plaintiff engaged in activities protected under 42 U.S.C. §12203, including requesting accommodation and opposing Defendant's discriminatory conduct.

67. Plaintiff was subjected to adverse employment actions, including but not limited to the termination of her employment.

68. Plaintiff was subjected to those adverse employment actions because of her participation in protected activities.

69. Defendant's above-described actions toward Plaintiff amounted to retaliation in violation of 42 U.S.C §12203.

70. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

71. Defendant's retaliatory conduct was intentional and malicious, oppressive, or in reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. §1981a.

Complaint
Page 9 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

### SEVENTH CAUSE OF ACTION
### Family and Medical Leave Act
### Interference

72. Plaintiff realleges and incorporates herein all of the above allegations.

73. Plaintiff was eligible for leave under the Family and Medical Leave Act (29 U.S.C. 2601 *et seq.*) ("FMLA leave").

74. Defendant interfered with Plaintiff's exercise of her right to FMLA leave by failing to promptly designate Plaintiff's leave as FMLA eligible.

75. Defendant further interfered with Plaintiff's exercise of her right to FMLA leave by allowing her to take leave only when she could find someone to cover her shift.

76. Defendant further interfered with Plaintiff's exercise of her right to FMLA leave by subjecting her to adverse employment actions, including termination, for exercising her right to FMLA leave.

77. Such conduct by Defendant proximately caused Plaintiff to suffer injuries and damages including past and future economic loss and other general compensatory damages in an amount to be proven at trial.

78. Plaintiff is entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii).

### EIGHTH CAUSE OF ACTION
### Unpaid Wages
### Fair Labor Standards Act

79. Plaintiff realleges and incorporates herein all of the above allegations.

80. Plaintiff was an employee of Defendant.

81. Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

Complaint
Page 10 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

82. Defendant failed to pay Plaintiff the minimum wage and overtime pay for some of Plaintiff's hours worked.

83. Defendant's above-described actions amount to violations of 29 U.S.C. §201 *et seq.*

84. Plaintiff is entitled to damages, including liquidated damages, pursuant to 29 U.S.C. §216.

### NINTH CAUSE OF ACTION
### Unpaid Wages
### Wage Rebate Act

85. Plaintiff realleges and incorporates herein all of the above allegations.

86. Defendant violated RCW 49.52.050 by not paying Plaintiff in full for work performed on behalf of Defendant as required by contract and statute.

87. This withholding of wages by Defendant was done willfully and with intent to deprive Plaintiff of part of her wages, entitling Plaintiff to relief, including double damages, pursuant to RCW 49.52.070.

### TENTH CAUSE OF ACTION
### Breach of Contract

88. Plaintiff realleges and incorporates herein all of the above allegations.

89. Defendant breached its contract with Plaintiff when it failed to pay her in full for all hours worked as promised by the parties' contract.

90. As a result, Plaintiff lost wages.

### ELEVENTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

91. Plaintiff realleges and incorporates herein all of the above allegations.

92. Defendant discharged Plaintiff in violation of public policy.  Public policies at issue include, without limitation, the FMLA and the Washington Family Leave Act.

Complaint
Page 11 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

93. Such conduct by Defendant proximately caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for award and entry of judgment against Defendant as follows:

A. Actual damages, including front and back pay and other employment benefits;

B. General damages, including pain and suffering and emotional distress;

C. Punitive damages pursuant to 42 U.S.C. §1981a;

D. Liquidated damages pursuant to 29 U.S.C. §2617;

E. Damages for unpaid wages, including overtime pay;

F. Double damages pursuant to RCW 49.52.070;

G. Liquidated damages pursuant to 29 U.S.C. §216

H. Damages for breach of contract;

I. Damages for reasonable attorney's fees and costs in accordance with RCW 49.48.030, RCW 49.60.030, RCW 49.52.070, 42 U.S.C. §2000e-5(k), 42 U.S.C. §1988, 29 U.S.C. §2617, Fed. R. Civ. P. 54(d), and other applicable law;

J. For the maximum allowable pre- and post-judgment interest;

K. Damages to offset any adverse tax consequences;

L. For any and all other relief that the Court deems just and equitable.

Complaint
Page 12 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to FRCP 38.

DATED this 9th day of January, 2018.

                                                              Law Office of Rebecca E. Ary

                                                              *s/*_____
Rebecca E. Ary, WSBA #37841
Plaintiff's Attorney
Law Office of Rebecca E. Ary
1037 NE 65th St. #161
Seattle, WA 98115
Phone: (206) 524-3696
Fax: (206) 527-6594
E-mail: rebecca@arylaw.com

                                                              Law Offices of Alex J. Higgins

                                                              *s/*_____
Alex J. Higgins, WSBA #20868
Plaintiff's Attorney
Law Offices of Alex J. Higgins
2200 Sixth Ave., Ste. 835
Seattle, WA 98121
Phone: (206) 340-4856
Fax: (206) 260-8803
E-mail: alex@alexjhiggins.com

Complaint
Page 13 of 13

**The Law Office of Rebecca E. Ary**
1037 NE 65th St. #161, Seattle, WA 98115
(206) 524-3696 (v) • (206) 527-6594 (f)
rebecca@arylaw.com