THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA HEDRICK,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.,<br><br>                    Defendant. | No. 2:18-cv-00032<br><br>DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT |

## AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Amazon.com, Inc. ("Amazon") answers Plaintiff's Amended Complaint (the "Amended Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in the Amended Complaint. Except as specifically admitted, qualified, or otherwise answered, Amazon denies every allegation in the Amended Complaint.

### PARTIES AND JURISDICTIONS

1.    Amazon lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Amended Complaint, and therefore denies the allegations of the paragraph.

2.    Amazon admits that it is a Delaware corporation and that its headquarters are located in Seattle, Washington.

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (NO. 2:18-CV-00032 RSM) – 1
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. Amazon states that Plaintiff's allegations in paragraph 3 are statements of Plaintiff's claims and/or legal conclusions for which an answer is not required, therefore Amazon denies the allegations of the paragraph.

4. Amazon states that Plaintiff's allegations in paragraph 4 concern jurisdiction and require no response, therefore Amazon denies the allegations of the paragraph. To the extent any response is required, subject to any affirmative defenses, Amazon admits that this Court generally has jurisdiction over Plaintiff's claims. Except as so expressly admitted and denied, Amazon denies the allegations of the paragraph.

5. Amazon states that Plaintiff's allegations in paragraph 5 concern jurisdiction and require no response, therefore Amazon denies the allegations of the paragraph. To the extent any response is required, subject to any affirmative defenses, Amazon admits that venue is proper. Except as so expressly admitted and denied, Amazon denies the allegations of the paragraph.

## FACTUAL ALLEGATIONS

6. Amazon admits that it employs more than 50 people within the State of Washington. Except as expressly admitted, Amazon lacks sufficient information to admit or deny the allegations set forth in paragraph 6 of Plaintiff's Amended Complaint, therefore denies the same.

7. Amazon admits that it is an online retailer that sells products such as books, music, videos, consumer electronics, apparel, sporting goods, tools and hardware, and toys through the Internet, and has gross annual sales in excess of $500,000. Except as expressly admitted, Amazon denies the allegations in paragraph 7 of the Amended Complaint.

8. Amazon admits that Plaintiff was employed by AMZN wacs, LLC on or about October 21, 2011 as a short-term Customer Service Associate until she accepted a full-time position with AMZN wacs, LLC on March 11, 2012. Amazon also admits that Plaintiff's employment with AMZN wacs, LLC was terminated on or about December 28, 2016 and that

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (NO. 2:18-CV-00032 RSM) – 2
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

her position at the time of her termination was Customer Service Lead.  Except as expressly admitted, Amazon denies the allegations in paragraph 8 of the Amended Complaint.

9. This paragraph contains allegations that are legal conclusions, to which no response is required.  To the extent a response is required, Amazon admits that Plaintiff was employed as an hourly, non-exempt employee and paid in accordance with applicable law.  Except as expressly admitted, Amazon denies the allegations in paragraph 9 of the Amended Complaint.

10. Amazon admits that at times during Plaintiff's employment with AMZN wacs, LLC Plaintiff reported that she had worked in excess of forty hours per week and that Plaintiff was paid for all of her reported hours worked.  Except as expressly admitted, Amazon denies the allegations in paragraph 10 of the Amended Complaint.

11. Amazon denies the allegations of paragraph 11 of the Amended Complaint.

12. Amazon denies the allegations of paragraph 12 of the Amended Complaint.

13. Amazon denies the allegations of paragraph 13 of the Amended Complaint, as they are too vague to permit a response.

14. Amazon admits that at times during her AMZN wacs, LLC employment, Plaintiff submitted medical information indicating that she was being treated for migraine headaches.  Except as expressly admitted, Amazon lacks sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiff's Amended Complaint, therefore denies the same.

15. Amazon lacks sufficient information to admit or deny the allegations set forth in paragraph 15 of Plaintiff's Amended Complaint, therefore denies the same.

16. Amazon admits that at times during her AMZN wacs, LLC employment, Plaintiff submitted medical information indicating that she was being treated for migraine headaches.  Except as expressly admitted, Amazon lacks sufficient information to admit or deny the

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 3
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allegations set forth in paragraph 16 of Plaintiff's Amended Complaint, therefore denies the same.

17. Amazon admits that on or about June 13, 2016, Plaintiff called her manager, Jamie Gable, and reported to him that she was unable to report to work and that because of a lump on the back of her head with migraines, her doctor recommended that she visit the emergency room. Except as expressly admitted, Amazon denies the allegations in paragraph 17 of the Amended Complaint.

18. Amazon admits that at times during Plaintiff's employment with AMZN wacs, LLC, Plaintiff notified her manager or the Leave of Absence Team for AMZN wacs, LLC, of medical conditions and her desire for medical leave. Except as expressly admitted, Amazon denies the allegations of paragraph 18 of the Amended Complaint as they are too vague to permit a response.

19. Amazon admits that on or about June 10, 2016, Human Resources personnel for AMZN wacs, LLC, provided Plaintiff with the contact information for the Leave of Absence Team for AMZN wacs, LLC. Except as expressly admitted, Amazon denies the allegations in paragraph 19 of the Amended Complaint.

20. Amazon lacks sufficient information to admit or deny the allegations set forth in paragraph 20 of Plaintiff's Amended Complaint, therefore denies the same.

21. Amazon lacks sufficient information to admit or deny the allegations set forth in paragraph 21 of Plaintiff's Amended Complaint, therefore denies the same.

22. Amazon denies the allegations of paragraph 22 of the Amended Complaint.

23. Amazon admits that at times during her employment with AMZN wacs, LLC, Plaintiff applied for medical leave of absence to the Leave of Absence Team for AMZN wacs, LLC. Amazon also admits that on or about July 26, 2016, Plaintiff was approved for intermittent FMLA. Except as expressly admitted, Amazon denies the allegations in paragraph 23 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (NO. 2:18-CV-00032 RSM) – 4
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24. Amazon admits that Plaintiff took intermittent FMLA leave during her employment with AMZN wacs, LLC. Except as expressly admitted, Amazon denies the allegations in paragraph 24 of the Amended Complaint.

25. Amazon denies the allegations of paragraph 25 of the Amended Complaint.

26. Amazon denies the allegations of paragraph 26 of the Amended Complaint.

27. Amazon admits that on July 26, 2016, Plaintiff's manager, Jamie Gable, provided Plaintiff with a Development Plan that outlined Plaintiff's performance problems and areas that needed improvement. On October 21, 2016, because Plaintiff's performance had not improved, Mr. Gable delivered a Performance Improvement Plan to Plaintiff. Except as expressly admitted, Amazon denies the allegations in paragraph 27 of the Amended Complaint.

28. Amazon admits that Plaintiff's employment with AMZN wacs, LLC was terminated on or about December 28, 2016. Except as expressly admitted, Amazon denies the allegations in paragraph 28 of the Amended Complaint.

29. Amazon denies the allegations of paragraph 29 of the Amended Complaint.

30. Amazon denies the allegations of paragraph 30 of the Amended Complaint.

31. Amazon denies the allegations of paragraph 31 of the Amended Complaint.

32. Amazon admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission. The remaining allegations are legal conclusions, to which no response is required. To the extent a response is required, Amazon lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Amended Complaint, and therefore denies the allegations of the paragraph.

**Discrimination**
**RCW 49.60.180**

33. Amazon incorporates by reference its answers and responses to paragraphs 1-32 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 5
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

34. The allegations are legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegation in paragraph 34 of Plaintiff's Amended Complaint.

35. The allegations are legal conclusions, to which no response is required. To the extent a response is required, Amazon denies the allegation in paragraph 35 of Plaintiff's Amended Complaint.

36. Amazon denies the allegations of paragraph 36 of the Amended Complaint.

37. Amazon denies the allegations of paragraph 37 of the Amended Complaint.

38. Amazon denies the allegations of paragraph 38 of the Amended Complaint.

**SECOND CAUSE OF ACTION**
**Failure to Accommodate**
**RCW 49.60.180**

39. Amazon incorporates by reference its answers and responses to paragraphs 1-38 of the Amended Complaint.

40. Amazon denies the allegations of paragraph 40 of the Amended Complaint as they are too vague to permit a response.

41. Amazon admits that at times during Plaintiff's employment with AMZN wacs, LLC, Plaintiff requested reasonable accommodations which were provided to her. Except as expressly admitted, Amazon denies the allegations in paragraph 41 of the Amended Complaint.

42. This paragraph calls for a legal conclusion and therefore no response is required. To the extent any response is required, Amazon admits that at times during Plaintiff's employment with AMZN wacs, LLC, Plaintiff requested reasonable accommodations which were provided to her. Except as expressly admitted, Amazon denies the allegations in paragraph 42 of the Amended Complaint.

43. Amazon denies the allegations of paragraph 43 of the Amended Complaint.

44. Amazon denies the allegations of paragraph 44 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 6
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

45. Amazon denies the allegations of paragraph 45 of the Amended Complaint.

### THIRD CAUSE OF ACTION
### Retaliation
### RCW 49.60.210

46. Amazon incorporates by reference its answers and responses to paragraphs 1-45 of the Amended Complaint.

47. This paragraph calls for a legal conclusion and therefore no response is required. To the extent any response is required, Amazon admits that at times during Plaintiff's employment with AMZN wacs, LLC, Plaintiff engaged in activities protected by RCW 49.60 and at other times not. Except as expressly admitted, Amazon denies the allegations in paragraph 47 of the Amended Complaint.

48. Amazon denies the allegations of paragraph 48 of the Amended Complaint.

49. Amazon denies the allegations of paragraph 49 of the Amended Complaint.

50. Amazon denies the allegations of paragraph 50 of the Amended Complaint.

### FOURTH CAUSE OF ACTION
### Disability Discrimination
### Americans with Disabilities Act

51. Amazon incorporates by reference its answers and responses to paragraphs 1-50 of the Amended Complaint.

52. Amazon denies the allegations of paragraph 52 of the Amended Complaint.

53. Amazon denies the allegations of paragraph 53 of the Amended Complaint.

54. Amazon denies the allegations of paragraph 54 of the Amended Complaint.

55. Amazon denies the allegations of paragraph 55 of the Amended Complaint.

56. Amazon denies the allegations of paragraph 56 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (NO. 2:18-CV-00032 RSM) – 7
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**FIFTH CAUSE OF ACTION**
**Failure to Accommodate**
**Americans with Disabilities Act**

57. Amazon incorporates by reference its answers and responses to paragraphs 1-56 of the Amended Complaint.

58. Amazon admits that at times during Plaintiff's employment with AMZN wacs, LLC, Plaintiff notified her manager or the Leave of Absence Team for AMZN wacs, LLC, of medical conditions and her desire for medical leave. Except as expressly admitted, Amazon denies the allegations in paragraph 58 of the Amended Complaint.

59. Amazon denies the allegations of paragraph 59 of the Amended Complaint.

60. Amazon admits that during Plaintiff's employment, she was provided reasonable accommodations.  Except as expressly admitted, Amazon denies the allegations in paragraph 60 of the Amended Complaint.

61. Amazon denies the allegations of paragraph 61 of the Amended Complaint.

62. Amazon denies the allegations of paragraph 62 of the Amended Complaint.

63. Amazon denies the allegations of paragraph 63 of the Amended Complaint.

64. Amazon denies the allegations of paragraph 64 of the Amended Complaint.

**SIXTH CAUSE OF ACTION**
**Retaliation**
**Americans with Disabilities**

65. Amazon incorporates by reference its answers and responses to paragraphs 1-64 of the Amended Complaint.

66. This paragraph calls for a legal conclusion and therefore no response is required. To the extent any response is required, Amazon admits that during Plaintiff's employment with AMZN wacs, LLC, Plaintiff requested reasonable accommodations and FMLA leave, both of which were provided to her.  Except as expressly admitted, Amazon denies the allegations in paragraph 66 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 8
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

67. Amazon admits that Plaintiff's employment with AMZN wacs, LLC was terminated on or about December 28, 2016, following her failure to successfully complete a Performance Improvement Plan.  Except as expressly admitted, Amazon denies the allegations in paragraph 67 of the Amended Complaint.

68. Amazon denies the allegations of paragraph 68 of the Amended Complaint.

69. Amazon denies the allegations of paragraph 69 of the Amended Complaint.

70. Amazon denies the allegations of paragraph 70 of the Amended Complaint.

71. Amazon denies the allegations of paragraph 71 of the Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**Family and Medical Leave Act**
**Interference**

72. Amazon incorporates by reference its answers and responses to paragraphs 1-71 of the Amended Complaint.

73. Amazon admits that at times during her employment with AMZN wacs, LLC, Plaintiff was eligible and qualified for leave under the federal Family and Medical Leave Act and that at other times she was not.  Except as expressly admitted, Amazon denies the allegations in paragraph 73 of the Amended Complaint.

74. Amazon denies the allegations of paragraph 74 of the Amended Complaint.

75. Amazon denies the allegations of paragraph 75 of the Amended Complaint.

76. Amazon denies the allegations of paragraph 76 of the Amended Complaint.

77. Amazon denies the allegations of paragraph 77 of the Amended Complaint.

78. Amazon denies the allegations of paragraph 78 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 9
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**EIGHTH CAUSE OF ACTION**
**Unpaid Wages**
**Fair Labor Standards Act**

79. Amazon incorporates by reference its answers and responses to paragraphs 1-78 of the Amended Complaint.

80. Amazon admits that Plaintiff was employed by AMZN wacs, LLC on or about October 21, 2011 as a short-term Customer Service Associate until she accepted a full-time position as a Customer Service Associate for AMZN wacs, LLC on March 11, 2012. Amazon also admits that Plaintiff's AMZN wacs, LLC employment was terminated on or about December 28, 2016, following her failure to successfully complete a Performance Improvement Plan. Except as expressly admitted, Amazon denies the allegations in paragraph 80 of the Amended Complaint.

81. Amazon admits that certain of its subsidiaries conduct business in the United States and offer for sale and sell consumer products, computing services, and digital content. Except as expressly admitted, Amazon denies the allegations in paragraph 81 of the Amended Complaint.

82. Amazon denies the allegations of paragraph 82 of the Amended Complaint.

83. Amazon denies the allegations of paragraph 83 of the Amended Complaint.

84. Amazon denies the allegations of paragraph 84 of the Amended Complaint.

**NINTH CAUSE OF ACTION**
**Unpaid Wages**
**Wage Rebate Act**

85. Amazon incorporates by reference its answers and responses to paragraphs 1-84 of the Amended Complaint.

86. Amazon denies the allegations of paragraph 86 of the Amended Complaint.

87. Amazon denies the allegations of paragraph 87 of the Amended Complaint.

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 10
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TENTH CAUSE OF ACTION
### Breach of Contract

88. Amazon incorporates by reference its answers and responses to paragraphs 1-87 of the Amended Complaint.

89. Amazon denies the allegations of paragraph 89 of the Amended Complaint.

90. Amazon denies the allegations of paragraph 90 of the Amended Complaint.

## ELEVENTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

91. Amazon incorporates by reference its answers and responses to paragraphs 1-90 of the Amended Complaint.

92. Amazon denies the allegations of paragraph 92 of the Amended Complaint.

93. Amazon denies the allegations of paragraph 93 of the Amended Complaint.

## PRAYER FOR RELIEF AND JURY DEMAND

The remaining statements in the Amended Complaint relate to Plaintiff's prayer for relief and jury demand, to which no response is required. Amazon denies that Plaintiff is entitled to recover all or any of the portion of the relief she seeks.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's Complaint, Amazon asserts the following defenses and affirmative defenses.

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim against Amazon upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, because all employment decisions made by AMZN wacs, LLC regarding Plaintiff were based upon legitimate,

DEFENDANT AMAZON.COM'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 11
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

nondiscriminatory reasons.  Even assuming that impermissible factors were considered, which Amazon expressly denies, the same decisions with respect to Plaintiff would have been made even in the absence of such consideration.

3. Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence, or alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

4. Plaintiff's claims are barred, in whole or part, by Plaintiff's failure to mitigate her damages, if any.

5. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of estoppel, waiver, laches, ratification and/or acquiescence, and unclean hands.

6. Plaintiff failed to join an indispensable party to this action.

7. Plaintiff is not a qualified individual with a disability.

8. Plaintiff failed to engage in the interactive process.

9. To the extent that Plaintiff had a disability, the disability prevented Plaintiff from performing the essential functions of her job.

10. To the extent that Plaintiff had a disability, AMZN wacs, LLC reasonably accommodated that disability and/or Plaintiff prevented AMZN wacs, LLC from reasonably accommodating that disability.

11. Plaintiff's claims are barred, in whole or in part, because accommodations requested by Plaintiff, or which Plaintiff may now claim she should have received, would have required AMZN wacs, LLC to create a position or eliminate an essential function of an existing position, would have imposed an undue hardship on AMZN wacs, LLC, or was not medically necessary.

12. Plaintiff contributed to or caused her own damages, the existence of which Amazon specifically denies, by her own actions, omissions, misconduct, and/or negligence.

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (NO. 2:18-CV-00032 RSM) – 12

138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

13. If Amazon employees committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Amazon, and thus Amazon is not liable for such acts.

14. Plaintiff's claims may be barred, in whole or in part, because the alleged conduct cannot be imputed to Amazon.

15. Plaintiff's claims may be barred, in whole or in part, by applicable statutes of limitation.

To the extent necessary, Amazon's answers to the Complaint shall be designated as defenses or affirmative defenses. Amazon reserves the right to amend its Answer to add additional defenses and affirmative defenses, if warranted after discovery.

## REQUEST FOR RELIEF

Having fully answered the Complaint, Amazon requests the following relief:

1. Dismissal of Plaintiff's claims with prejudice;

2. Entry of judgment in favor of Amazon;

3. That it recover its costs and attorneys' fees in defending Plaintiff's claims pursuant to any applicable law; and

4. Award Amazon such other and further relief as the Court may deem just and appropriate.

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (NO. 2:18-CV-00032 RSM) – 13
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| DATED:  February 13, 2018 | By: s/ Linda D. Walton |
| | By: s/ Tobias S. Piering |
| | Linda D. Walton, WSBA #20604 |
| | Tobias S. Piering, WSBA #44560 |
| | Attorneys for Defendant AMAZON.COM., INC. |
| | **Perkins Coie LLP** |
| | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA  98101-3099 |
| | Telephone:  206.359.8000 |
| | Facsimile:  206.359.9000 |
| | Email:  LWalton@perkinscoie.com |
| | TPiering@perkinscoie.com |

DEFENDANT AMAZON.COM'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
(NO. 2:18-CV-00032 RSM) – 14
138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2018, I electronically filed the foregoing **DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record. In addition, I caused service to be made on the same attorney(s) of record by the method(s) indicated:

| | |
|---|---|
| Rebecca E. Ary, WSBA #37841<br>Law Office of Rebecca E. Ary<br>1037 NE 65th St. #161<br>Seattle, WA 98115<br>Phone: (206) 524-3696<br>Fax: (206) 527-6594<br>E-mail: Rebecca@arylaw.com | ___ Via Hand Delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>       Return Receipt Requested<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br> X  Via E-filing |
| Alex J. Higgins, WSBA #20868<br>Law Offices of Alex J. Higgins<br>2200 Sixth Ave., Ste. 835<br>Seattle, WA 98121<br>Phone: (206) 340-4856<br>Fax: (206) 260-8803<br>E-mail: alex@alexjhiggins.com | ___ Via Hand Delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>       Return Receipt Requested<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br> X  Via E-filing |

Attorneys for Plaintiff

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of February, 2018.

*s/ Mary Lyles*
Mary Lyles
Legal Practice Assistant

CERTIFICATE OF SERVICE
(NO. 2:18-CV-00032 RSM) – 1

138510167.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000